# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| KAYLA BOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:20-cv-113 |
| | ) |
| HILEX POLY COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Kayla Booker ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Hilex Poly Company, LLC, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant, Hilex Poly Company, LLC, is a corporation that operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1988, and 29 U.S.C. § 2617(a)(2).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 2611(2)(A).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 2611(4)(A).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant in February 2009 as an Operator.

10. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.

11. Between January of 2017 and August 30, 2019, Plaintiff was an "eligible employee" as that term is defined by the FMLA.

12. Plaintiff and/or an immediate family member had a "serious health condition" in 2018 and 2019 as that term is defined by the FMLA.

13. Since January of 2018, Defendant employed 50 or more employees within a 75-mile radius of the facility at which Plaintiff worked.

14. Plaintiff worked 1,250 or more hours in the 12-month period preceding August 30, 2019.

15. In or about December of 2018, Plaintiff requested continuous FMLA leave for her own serious medical condition. Plaintiff was subsequently out on FMLA leave until on or about February 17, 2019.

16. In June of 2019, Plaintiff requested and was approved for intermittent FMLA leave to care for a family member with a serious health condition.

17. Plaintiff's requests for FMLA covered leave constitute protected activity.

18. Plaintiff is a female, placing her in a protected class under Title VII.

19. Defendant employs a number of female inmates participating in a work release program. Defendant asked Plaintiff to train many of these employees. While doing so, Plaintiff noticed that many of the employees who were on work release were constantly sexually harassed and inappropriately touched by Defendant's employees and management. Many of these employees expressed to Plaintiff that they were fearful of reporting the sexual harassment as they thought they would be fired and violate the terms of the work release program.

20. In or about March of 2019, Plaintiff contacted Defendant's corporate hotline to report her concerns regarding the sexual harassment of her co-workers. Plaintiff's actions constitute protected activity under Title VII.

21. On or about June 20, 2019, Plaintiff was called into a meeting with Defendant's HR Manager, Chelsea Morrison, ("Morrison") and Plant Manager, Bill Stauter ("Stauter"). Stauter and Morrison warned Plaintiff not to contact corporate again and that things that happen in the plant should be kept in the plant.

22. Despite Plaintiff's reports to Defendant regarding the sexual abuse and harassment of her female co-workers, Defendant took no action, remedial or otherwise, to address the sexual harassment, and the sexual harassment of the work release program employees continued. Plaintiff opposed the sexually hostile treatment of her female co-workers.

23. During the time frame that Plaintiff was voicing her numerous concerns regarding sexual harassment of her female co-workers, she applied for promotions within Defendant. Despite her substantial experience and tenure with Defendant, Defendant failed to promote Plaintiff and instead hired new-hires with less knowledge and experience for the positions.

24. On at least two more occasions during the summer of 2019, Plaintiff reported the sexual harassment and hostile work environment to her supervisor, Scott l/n/u and another member of Defendant's HR department, Cory Wiedrich ("Wiedrich").

25. Wiedrich informed Plaintiff that he would initiate an investigation into Plaintiff's concerns. In August of 2019, presumably as a result of the investigation initiated by Wiedrich, Plaintiff was interviewed by Susan Carpenter ("Carpenter"). Plaintiff provided Carpenter with a detailed description of the sexual harassment she had witnessed and also provided Carpenter with the names of female employees that Plaintiff believed to have been sexually harassed or inappropriately touched.

26. On or about August 12, 2019, Stauter and Morrison issued Plaintiff a Final Written Warning for her attendance. Plaintiff disputed many of the days that Defendant had marked her as absent and informed Morrison that she believed many of the days were actually days that she had taken FMLA leave due to her own serious health condition.

27. On or about August 30, 2019, less than two weeks after participating in the investigation regarding the sexual harassment of her co-workers, Defendant informed Plaintiff that her employment was being terminated for attendance issues.

28. Plaintiff's similarly situated male co-workers and/or co-workers who have not engaged in protected activity and who have been given Final Written Warnings for attendance have not had their employment terminated when they had further attendance infractions.

29. Defendant inaccurately classified Plaintiff's FMLA leave as unexcused absences.

30. Defendant's adverse actions towards Plaintiff are discriminatory and/or in retaliation for her protected activity.

31. Defendant has treated Plaintiff's similarly situated male co-workers and/or co-workers who have not engaged in protected activity and/or have not requested FMLA qualifying leave more favorably than it has treated Plaintiff. Any reasons proffered by Defendant for its adverse employment actions and failure to promote Plaintiff are pretext for unlawful discrimination.

## COUNT I

## TITLE VII – RETALIATION

32. Plaintiff hereby incorporates paragraphs 1 – 31 of her Complaint.

33. Plaintiff engaged in statutorily-protected activities before her termination.

34. Defendant took adverse employment actions against Plaintiff in retaliation for her engagement in these statutorily-protected activities.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

36. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## TITLE VII – SEX DISCRIMINATION

37. Plaintiff hereby incorporates paragraphs 1 – 36 of her Complaint.

38. Defendant took adverse employment actions against Plaintiff because of her sex.

39. Defendant treated similarly-situated, male employees more favorably than it treated Plaintiff.

40. Defendant's unlawful actions were intentional, willful and done in reckless disregard of Plaintiff's rights under Title VII.

41. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT III

## VIOLATIONS OF THE FMLA

42. Plaintiff hereby incorporates paragraphs 1-41 of her Complaint.

43. Defendant violated the FMLA by: (1) interfering with Plaintiff's substantive FMLA rights and (2) terminating her for requesting and using FMLA-qualifying leave.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the FMLA.

45. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kayla Booker, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendants pay Plaintiff's attorneys' fees and costs incurred in this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:            jhaskin@jhaskinlaw.com
                      ndickey@jhaskinlaw.com
Attorneys for Plaintiff
Kayla Booker

## DEMAND FOR JURY TRIAL

Plaintiff, Kayla Booker, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49